### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **TERRY JAMES CHIDESTER, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:06-0174** |
| | ) | |
| **LISA FRYE,** *et al.*, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Defendants' Motions to Dismiss (Document Nos. 34 and 36), and Plaintiff's Motion to Dismiss (Document No. 42.). The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving to dismiss. (Document Nos.35 and 41.) In response, Plaintiff filed a Motion to Dismiss his Complaint. (Document No. 42.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant the Defendants' Motions to Dismiss and deny Plaintiff's Motion to Dismiss.

### FACTS AND PROCEDURE

On March 7, 2006, Plaintiff filed a Complaint contending as follows:[1]

3.   . . . Plaintiff is isolated in a cell in the Control Unit and has been isolated for several years.

4.   Conditions are imposed on the Plaintiff that are so harsh that he is unable to concentrate on appealing an adverse ruling of the Wood County Circuit Court

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

                pertaining to his conviction and sentence.

     5.        Plaintiff is hindered from exhausting administrative remedies due to denial of postage stamps and access to a mail box.

(Document No. 1.) Plaintiff requests "release from the Quilliams Unit." The Quilliams Unit is segregated housing at Mount Olive Correctional Complex. On September 21, 2006, Plaintiff filed a document stating that "[a] counselor or a person employed as a counselor . . . is communicating with . . . inmates using signals and gestures to express his desire to have me killed." (Document No. 6.) The Clerk designated the document a Motion to Amend. On December 18, 2006, the Court directed Plaintiff to either pay the filing fee or file an Application to Proceed *in Forma Pauperis*. (Document No. 8.) The Court also granted Plaintiff's Motion to Amend directing Plaintiff to submit an Amended Complaint. (Document No. 9.) Plaintiff filed his Application to Proceed Without Prepayment of Fees on February 5, 2007. (Document No. 11.) The undersigned entered an Order returning the Application to Proceed *in Forma Pauperis* as deficient on February 20, 2007. (Document No. 12.) Plaintiff's Application was deficient because the Certificate portion at the end of the Application was not completed and Plaintiff failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his Complaint as required under 28 U.S.C. § 1915(a)(2). (Id.) Plaintiff filed a further Complaint on March 6, 2007. (Document No. 14.) Plaintiff alleges that he was beaten on November 17, 2000, by three of the persons whom he names as Defendants. Plaintiff further alleges that several persons whom he names as Defendants "made false statements imputing homosexuality regarding an acquaintance between Plaintiff and another prisoner . . .." Plaintiff asserts that "[t]hese false statements have become rumors and have resulted in harm to

the Plaintiff."[2]

On December 27, 2007, Plaintiff re-filed his Application to Proceed *in Forma Pauperis* and his Authorization to Release Institutional Account Information. (Document Nos. 18 and 19.)[3] In considering Plaintiff's Application (Document No. 18.), the Court found that Plaintiff's Application was again deficient because the Certificate portion at the end of the Application was not completed. (Document No. 20.) Nevertheless, the Court found that Plaintiff had "authorize[d] the Clerk of the Court to obtain, from the institution having custody of me, information about my institutional account, including balances, deposits and withdrawals." (Id.) The Court therefore directed the Clerk to act in conformity with Plaintiff's Authorization and make a written request to the appropriate Officer at Mount Olive Correctional Complex for information respecting Plaintiff's institutional account. (Id.) In considering Plaintiff's claims, the Court found that Plaintiff essentially made three potentially cognizable claims under 42 U.S.C. § 1983: (1) Defendants have violated his constitutional right of due process by holding him in segregation interminably; (2) Defendants have violated his right of due process/access to the Courts by making administrative remedies and procedures unavailable; and (3) Defendants have violated his rights under the Eighth Amendment of the United States Constitution by requiring him to live under "harsh" conditions. (Id.) The Court therefore directed the Clerk to issue

---

[2] The undersigned notes that Plaintiff raised these same claims in his Complaint in *Chidester v. McCormick, et al.* (Civil Action No. 5:06-0173, Document No. 1.) and moved to withdraw his Complaint and to dismiss that matter stating that "due to interpersonal conflicts" he is unable to prosecute his cause of action and requests "the Court to enter an order granting his motion to withdraw and dismiss Case No. 5:06-0173, without prejudice." (*Id.*, Document No. 17.) In view of Plaintiff's Motion to Withdraw and Dismiss his Complaint in *Chidester v. McCormick, et al.*, Civil Action No. 5:06-0173, the Court may logically assume that Plaintiff does not wish to pursue the claims which he raises in his March 6, 2007, Complaint in the instant matter as they are the same.

[3] The Clerk noted in the docket entries (Document Nos. 18 and 19.) that Plaintiff's Application and Authorization as the Clerk received them were torn into four pieces.

process. (Id.)

On August 29, 2008, Correctional Medical Services [CMS] filed a Motion to Dismiss. (Document No. 34.) CMS first argues that it "does not qualify as a 'person for purposes of 42 U.S.C. § 1983." (Id., p. 2.) Next, CMS alleges that it has not "engaged in conduct which could reasonably be interpreted as deliberate indifference to a serious medical need." (Id.) Specifically, CMS states that "the Complaint does not even mention medical treatment in any way." (Id.) Finally, CMS contends that it cannot grant Plaintiff's requested relief, which is Plaintiff's release from the Quilliams Unit. (Id.) On September 3, 2008, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motion to Dismiss. (Document No. 35.)

On September 15, 2008, Defendants Frye, McBride, Matheny, Vest, Parry, Adkins, and Harper filed a Motion to Dismiss. (Document No. 36.) Defendants contend that Plaintiff's Complaint should be dismissed based upon the following: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's claim of negligence is not cognizable in a Section 1983 action; (3) Defendants are not "persons" subject to suit; (4) Defendants are entitled to qualified immunity; and (5) Defendant McBride is not subject to liability under *respondeat superior*. (Id., pp. 2 - 10.) Also on September 15, 2008, the remaining Defendants[4] filed a "Waiver of Reply." (Document No. 39.) The remaining defendants contend that Plaintiff cannot prevail upon the merits for the following reasons:

1. These Defendants are not persons subject to suit under 42 U.S.C. § 1983.

---

[4] The remaining Defendants are as follows: Jennifer Ballard, Jason Collins, Correctional Officer Toney, Correctional Officer Summers, Corporal Berry, Debrah Breanovich, Curtis Dixon, Lieutenant Perry, James Vaught, George McCormick, Derek McKinney, Toby Stover, Scott Hammerick, Correctional Officer Dickenson, Regina Stevens, Stacy Thomas, Kelly Strickland, Christine Taylor, Beth Bereznak, Mark Goodman, Corporal Lewis, Michael Coleman, Teresa Waide, Craig Hale, and Correctional Officer Cozart. (Document No. 39.)

>   2. The Defendants are entitled to qualified immunity.
>   3. The Plaintiff has failed to exhaust his administrative remedies.
>   4. The Plaintiff has not advanced adequate allegations to assert a civil rights lawsuit against these Defendants.
>   5. To the extent the Plaintiff seeks to impose supervisory liability he has failed to advance a proper supervisory liability claim.

(Id., pp. 1 - 2.) On September 17, 2008, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motion to Dismiss. (Document No. 41.) On November 5, 2008, Plaintiff filed a letter-form Motion to Withdraw and Dismiss his Complaint.[5] (Document No. 42.) Plaintiff states that he cannot "analyze text and brief cases because the movement coordinator, whomever that is, chases me around the cell using noises from doors, locks and movement of officers and prisoners to interrupt my thoughts." (Id., p. 2.) Plaintiff requests that his Complaint be withdrawn and "when there are better environmental factors, the Plaintiff would like to address the Court." (Id., p. 3.)

## THE STANDARD

**Motion to Dismiss**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where,

---

[5] The Clerk designated this document as a request for an extension of time. Plaintiff, however, requests that the Court "construe this letter as a motion to withdraw, or in the alternative, a stay of proceedings." (Document No. 42, p. 3.)

construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

### 1. **Plaintiff's Motion to Dismiss.**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow

voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id. In the instant case, Plaintiff filed a Motion to Withdraw or Dismiss in response to Defendants' Motions to Dismiss.[6] Thus, Defendants have filed Answers or otherwise responded to Plaintiff's Complaint. (Document Nos. 34, 36, and 39.) Based upon a review of the Defendants' responses, the undersigned finds that Defendants would be unfairly prejudiced by Plaintiff's voluntary dismissal and Plaintiff's Motion to Dismiss be denied.

### 2. **Defendants' Motion to Dismiss.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may

---

[6] By Memorandum Opinion and Order entered on September 11, 2008, the District Court adopted the undersigned's Proposed Finding and Recommendation that Plaintiff's Motion to Withdraw and Dismiss his Complaint be granted in Civil Action No. 06-0173. (Civil Action No. 06-0173, Document No. 19.) Plaintiff alleged in his Complaint that Defendants "made false statements about the Plaintiff . . . imputing a homosexual relationship with [another inmate]." Plaintiff asserted that "[t]hese statements resulted in . . . a dangerous and unsafe environment for plaintiff ." (*Id.*, Document No. 1.)

not afford them the relief they might obtain through civil proceedings.[7] Woodford v. Ngo, 548 U.S. 81, 84 - 86, 126 S.Ct. 2378, 2382 - 2383, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

      If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims

---

[7] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court....The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants

9

have the burden of pleading and proving." (Citations omitted))

The West Virginia Division of Corrections' Policy Directive 335.00 establishes procedures whereby State inmates may seek review of complaints which relate to any aspect of their imprisonment. (Document No. 36-2.) Within 15 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must submit a G-1 Grievance Form to the Unit Manager. (Id., pp. 1 - 2.) The Unit Manager must respond to the inmate's Grievance within five business days. (Id., p. 2.) If the Unit Manager's response was unfavorable, the inmate may appeal within five working days to the Warden/Administrator by filing a G-2 Grievance Form. (Id., p. 3.) The Warden/Administrator must respond to the appeal, in writing, within five working days. (Id.) If the Warden/Administrator, in his/her discretion, determines that an investigation is warranted, a final response shall be made to the inmate within 30 working days. (Id.) If the Warden/Administrator's response was unfavorable, the inmate may appeal within five working days to the Commissioner/designee of the Division of Corrections. (Id., pp. 3 - 4.) The Commissioner must respond to the appeal within ten working days. (Id., p. 4.) The administrative process is exhausted when the Commissioner responds to the inmate's final appeal. (Id.) The entire process takes about 60 days to complete. (Id., p. 5.)

From the record available to the Court, it appears that Plaintiff filed his Complaint without first exhausting his administrative remedies pursuant to the PLRA. Defendants submit the Affidavit of Charlene Sotak, Inmate Grievance Coordinator for the DOC. (Document No. 36-3.) Ms. Sotak states that as the Inmate Grievance Coordinator, she "receives and responds for the Commissioner on all inmate grievances and appeals." (Id., p. 1.) She briefly describes the administrative process, as discussed above, which must be exhausted before an inmate can proceed under Section 1983. (Id.) Ms. Sotak reviewed the central office file and found that "the inmate has not exhausted his administrative

remedies through Policy Directive 335.00."[8] (Id., p. 2.) In response, Plaintiff filed a Motion to Dismiss his Complaint. Plaintiff does not dispute that he failed to exhaust his administrative remedies. Plaintiff, however, alleges in his Complaint that he "is hindered from exhausting administrative remedies due to denial of postage stamps and access to a mailbox." The Court notes that postage and mailing is not required for exhaustion of administrative remedies. According to the DOC's Directive, an inmate must merely deliver the correct grievance form to the inmate's Unit Manager. The undersigned further notes that Plaintiff has filed several documents with the Court, which indicates that Plaintiff is not being denied postage or mailbox access.[9] For these reasons, Defendants' Motions to Dismiss must be granted. Having concluded that this action must be dismissed because Plaintiff failed to exhaust administrative remedies, the undersigned finds it unnecessary to consider the other reasons which the Defendants submit for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (Document Nos. 34 and 36.), **DENY** Plaintiff's Motion to Dismiss (Document No. 42.), and **DISMISS** Plaintiff's Complaint (Document Nos. 1 and 14.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

---

[8] It appears that Plaintiff only sought relief concerning his access to the law library. Specifically, Ms. Sotak found the following when searching for grievances: "Exhibit A: A letter dated May 8, 2006, concerning law library requests." (Document No. 36-3.)

[9] The undersigned notes that Plaintiff has initiated four other actions in this District since March, 1996.

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: January 22, 2009.

R. Clarke VanDervort
United States Magistrate Judge